JOSEPH J. MULLER, PLAINTIFF-APPELLANT, v. JOHN POIS AND BERTHA POIS, DEFENDANTS-RESPONDENTS.

Submitted October 1, 1946—Decided May 9, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the appellant, *Richard J. Fitzmaurice* (*A. Warren Littman,* of counsel).

For the respondents, *William P. Braun.*

The opinion of the court was delivered by

HEHER, J.  There was a nonsuit at the close of plaintiff's case; and error is assigned upon the ruling, to which an exception was seasonably taken.  The action is to recover damages for the consequences of body burns alleged to have been suffered by plaintiff while undergoing physiotherapeutic treatment at the hands of defendants; and so the decisive question is whether plaintiff's evidence raised an issue of fact as respects performance of the duty of care which rested upon defendants.  Defendants are husband and wife.  The

former is a practitioner of medicine and physiotherapy; the wife was his assistant in the ministration to plaintiff, and it is conceded that her failure of duty, if any there was, is attributable to her husband.

We find no error in the nonsuit. It was the contention of plaintiff that the leg ulcerations for which a recovery is sought were the result of burns inflicted by the negligent application of a "heat lamp," presumably an infra red lamp, in the treatment of a physical condition symptomatized by swollen ankles. But the expert opinion adduced by plaintiff lends no support to this theory. The allegation is that the burns were sustained on July 23d, 1941, after six such applications over a period of time. Dr. Straus and Dr. Stiles were the medical witnesses called by plaintiff. The former did not treat him until October 17th, 1942, and the latter's treatments did not begin until September 23d, 1943. Dr. Straus found that plaintiff had diabetes, a slight hypertension, and "two big ulcers on his left lower leg." Dr. Stiles' examination revealed that the left leg was "in pretty bad condition," with edema from the knee to the toes and "multiple ulcers varying from pinhead size up to about, we will say, one large ulcer about three inches by two inches," and the right leg "somewhat edematous" and the skin "a little irritated." These experts were unable to determine the cause of the condition. They were agreed that those suffering from either diabetes or arteriosclerosis are "prone to ulcers" such as afflicted plaintiff. Dr. Stiles could not say whether the condition was the consequence of burns from the application of the heat lamp, such as were alleged, if in fact sustained. He did not think that "anybody could tell what caused" the condition "originally because any number of things might have caused that." And Dr. Straus said it was "absolutely not possible" to fix the cause of the ulcers. Other physicians who treated plaintiff in the intervening period were not called as witnesses; and it is significant that, in giving the history to them and to hospital authorities, plaintiff made no mention of the burns now alleged. Thus, there is no tangible basis in the proofs for inferring a causal relation between the application of the heat lamp and the ulcerations.

The inquiry is whether there is any evidence which, if accepted and given its fullest probative force, reasonably tends to sustain the pleaded cause of action. Could the jury, on any reasonable view of the proofs, rejecting all evidence and inferences unfavorable to the plaintiff, find that the plaintiff had established the facts essential to his asserted cause of action? The "mere scintilla" of evidence rule does not prevail in this State. Where there is evidence which would justify men of ordinary reason and fairness in affirming the proposition which the plaintiff is bound to maintain, there is no ground for a nonsuit. If there be such evidence, its probative value and weight are within the exclusive province of the triers of the facts. *Sivak* v. *New Brunswick*, 122 *N. J. L.* 197.

It was incumbent upon plaintiff to introduce evidence reasonably tending to prove that the ulcerous leg condition was the proximate result of burns inflicted by the negligent use of the heat lamp; and this he failed to do. Plainly, fair and reasonable men could not affirm that proposition on the evidence adduced; and so there was no factual issue for the jury.

The judgment is affirmed, with costs.